*953
 
 JAMES F. McKAY III, Judge.
 

 |, Sergeant Byron Mitchell appeals from the Civil Service Commission’s (“the Commission”) dismissal of his appeal following the Commission’s affirming the New Orleans Police Department’s appointing authority’s decision to suspend him for five days for a violation of neglect of duty. For reasons that follow, we affirm.
 

 On August 28, 2008, Officer Calvin Pre-vost attended an Accident Review Board Hearing concerning his involvement in a traffic accident. He was accompanied by his supervisor Sergeant Byron Mitchell. During the hearing, Deputy Chief Lawrence Weathersby (then Major Weathers-by) noticed that Officer Prevost was wearing a gold bracelet, a dress code violation. Deputy Chief Weathersby verbally reprimanded Officer Prevost and ordered him to remove the bracelet. Officer Prevost complied with the order. Deputy Chief Weathersby also verbally reprimanded Sergeant Mitchell for allowing his subordinate, Officer Prevost, to attend the formal hearing while wearing the bracelet. When the hearing was over, Sergeant Mitchell and Officer Prevost left the building. At that time, Deputy Chief Weath-ersby witnessed from his vantage point in a second story 12window, Sergeant Mitchell assisting Officer Prevost in putting the bracelet back on. As a result of this action, disciplinary proceedings for neglect of duty were filed against the appellant.
 

 On October, 31, 2007, a hearing was held before Captain Louis Colin. Captain Colin recommended a penalty letter of reprimand for the violation. On December 3, 2007, Superintendent Warren J. Riley held that Sergeant Mitchell was in violation of Neglect of Duty, Chapter 18:28 relative to personal appearance. Superintendent Riley also found Sergeant Mitchell’s conduct to be contrary to the standards prescribed by Rule IX, Section 1 paragraph 1.1 of the Rule of the Civil Service Commission for the City of New Orleans regarding maintaining standards of service. Superintendent Riley increased the penalty from a letter of reprimand to a five day suspension, effective on December 16, 2007.
 

 On February 12, 2008, the matter came before the Commission. Hearing Examiner Harry Tervalon found that the appointing authority met its burden of proof and that Sergeant Mitchell’s actions rose to the level of discipline given in the matter.
 

 On March 17, 2009, the Commission dismissed Sergeant Mitchell’s appeal finding the appointing authority carried its burden of proving the offense was committed and that Sergeant Mitchell continued to allow Office Prevost to violate uniform rules immediately after they were both reprimanded for their actions.
 

 The applicable legal precepts in this ease are as follows: an employee who has gained permanent status in the classified city civil service cannot be subjected |sto disciplinary action by his employer except for cause expressed in writing. The employee may appeal from such disciplinary action to the City Civil Service Commission. The burden of proof on appeal, as to the facts, shall be on the appointing authority. La. Const, art. X, § 8 (1974);
 
 Walters v. Department of Police of City of New Orleans,
 
 454 So.2d 106, 112-113 (La.1984). The Commission’s decision is subject to review on any question of law or fact upon appeal to the appropriate court of appeal. La. Const, art. X § 12(B).
 

 The Commission has a duty to independently decide, from the facts presented, whether the appointing authority had good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed was commensurate with the dereliction.
 
 Walters,
 
 454 So.2d at 113. Legal cause for disciplinary action exists
 
 *954
 
 whenever an employee’s conduct impairs the efficiency of the public service in which that employee is engaged.
 
 Cittadino v. Department of Police,
 
 558 So.2d 1311, 1315 (La.App. 4 Cir.1990). The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity occurred, and that such activity bore a real and substantial relationship to the efficient operation of the public service.
 
 Id.,
 
 at 1315.
 

 In reviewing the Commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, this Court should not modify the Commission’s order unless it is arbitrary, capricious or characterized by an abuse of discretion.
 
 Walters,
 
 454 So.2d at 114. “Arbitrary or capricious” means that there is no rational |4basis for the action taken by the Commission.
 
 Bannister v. Department of Streets,
 
 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647.
 

 At the hearing, Sergeant Mitchell testified that he was Officer Prevost’s supervisor and that he was aware that it was a violation to wear jewelry other than a watch and personal rings while in uniform. He also testified that he was present at the accident review hearing on August 28, 2007, and heard Major Weathersby admonish Officer Prevost for wearing the gold bracelet while in uniform. Based on the record, Major Weathersby testified that almost immediately after this admonition occurred he observed Sergeant Mitchell assisting Officer Prevost in putting the gold bracelet back on his wrist. Although, this accounting was refuted by appellant, claiming that he was merely showing Officer Prevost how to convert the bracelet to a medical alert bracelet, the Commission agreed with Major Weathersby’s rendition. Clearly this decision was based upon a credibility call and the Commission believed Major Weathersby’s version of what transpired. Curiously, the Commission stated it “cannot confirm that the two were actually engaged in reattaching the bracelet”, but yet dismissed the appellant’s appeal. However, we cannot conclude that the Commission acted arbitrary and capricious in its conclusion.
 

 Based upon the record before this Court, we affirm the decision of the Commission.
 

 AFFIRMED.