TERRI F. LOVE, Judge.
11 Officer David Tregre (“Officer Tregre”) appeals his two day suspension from the New Orleans Police Department for violating the Appointing Authority’s internal regulation regarding Instructions from an Authoritative Source. The Civil Service Commission (“Commission”) concluded that the Appointing Authority did not abuse its discretion in finding Officer Tregre violated internal regulations prohibiting acceptance of cash payments for paid details after Officer Tregre accepted a check made payable to cash for a detail at Blaine Kern, Inc. Officer Tregre alleges the Commission erred in affirming the two day suspension because the New Orleans Police Department did not prove by a preponderance of the evidence that he impaired the efficient operation of the public service. He also argues that the penalty imposed was excessive. Given that Office Tregre knew or should have known about the internal policy and his failure to adhere to it, we agree with the Commission’s conclusion that the Appointing Authority acted properly and within its discretion. Therefore, we affirm.

19FACTUAL AND PROCEDURAL BACKGROUND

Officer Tregre is employed by the Department of Police as a.police officer with permanent status. Police Lieutenant Derek Frick, assigned to the Public Integrity Bureau, conducted an administrative investigation into Officer Tregre’s alleged violation of Departmental Rules and/or Procedures regarding New Orleans Police *1036 Department Operations Manual; Rule 4: Performance of Duty, paragraph 2-In-structions from an Authoritative Source to wit: Chapter 22.8, paragraph 37, and General Order 828. The internal regulation provides the method by which employees on paid details may accept payment. Specifically, employees are prohibited from soliciting or accepting “a cash payment for any work performed in a paid detail capacity. Further the internal regulation notes that “[c]hecks made payable to “cash” can only be interpreted as a form of cash payment, which is prohibited under policy.” In May 2011, an email from Superintendent of Police, Ronald Serpas (“Superintendent Serpas”) was forwarded to all members authorized to work paid details reminding them of the policy against accepting “cash payments” including checks made payable to cash.
The Public Integrity Bureau determined that in June 2011, at 8:15pm, Officer Tregre worked a paid detail for Blaine Kern, Inc., for which he received as payment a check made payable to cash. During the investigation, Officer Tregre admitted “[he] understood the Departmental Rules and Regulations concerning cash payments or checks made to cash” for paid details. Officer Tregre further ^admitted that he accepted the check from Blaine Kern, Inc., cashed the check made payable to cash, and received payment.
Following the February 2012 hearing, Deputy Superintendent Darryl Albert (“Assistant Superintendent Albert”), of the Field Operations Bureau, recommended finding Officer Tregre in violation of Instructions from an Authoritative Source for failing to adhere to the internal policy prohibiting acceptance of checks made payable to cash for paid details and recommended a two working-day suspension. Thereafter, Superintendent Serpas found Officer Tregre in violation of New Orleans Police Department Operations Manual; Rule 4: Performance of Duty, paragraph 2-Instructions from an Authoritative Source to wit: Chapter 22.8, paragraph 37, and General Order 828 and suspended him for two working-days.
Officer Tregre sought review with the Commission and a hearing was held in August 2012. Although Officer Tregre admitted receiving and negotiating a check issued payable to cash, he alleged that his actions did not interfere with the efficient operation of the department. He further averred that the penalty is not commensurate with the violation. The Commission concluded that the Appointing Authority established by a preponderance of the evidence that it disciplined Officer Tregre for cause, and that Officer Tregre “knew or should have known that the acceptance of a check made payable to cash” violated internal rules. The Commission further noted that the Appointing Authority was justified in “enforcing a legitimate rule that protects the integrity of its detail policy.” Given the violation and the penalty range in this case, the Commission found that the |4Appointing Authority did not abuse its discretion in suspending Officer Tregre for two working-days. Officer Tregre now seeks appellate review from this Court.

STANDARD OF REVIEW

The Commission has the “exclusive power and authority to hear and decide all ... disciplinary cases.” La. Const. art. X, § 12(B). “No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing.” La. Const. art. X, § 8(A). It is within the Appointing Authority’s discretion to discipline an employee for sufficient cause. Pope v. New Orleans Police Dep’t, 04-1888, p. 6 (La.App. 4 Cir. 4/20/05), 903 So.2d 1, 4. Sufficient cause to *1037 discipline exists when an employee’s conduct “impairs efficiency of the public service in which the employee is engaged.” Id., 04-1888, p. 6, 903 So.2d at 5. The burden rests with the Appointing Authority to prove by a preponderance of the evidence that the employee’s conduct impaired efficiency of the public service in which the employee is engaged. Allen v. Dep’t of Police, 09-0589, p. 2 (La.App. 4 Cir. 11/12/09), 25 So.3d 966.
On appellate review, we apply a clearly erroneous/manifest error standard of review. Id., 09-0589, p. 3, 25 So.3d 966, 969. If the Commission’s factual findings are reasonable, this Court cannot reverse. Id. Additionally, we will not disturb the Commission’s finding of legal cause and the penalty imposed, “absent evidence of arbitrariness, capriciousness, or characteristics of an abuse of discretion.” Id. The findings of the Commission are arbitrary or capricious when |5there is no rational basis to support its decision. Id. See also Bradford v. New Orleans Police Dep’t., 04-0788, p. 10 (La.App. 4 Cir. 11/23/04), 891 So.2d 9, 14.

LEGAL CAUSE

Officer Tregre avers that the Appointing Authority lacked sufficient evidence to establish by a preponderance of the evidence that it had legal cause to suspend him for two working-days. The Appointing Authority found Officer Tregre in violation of New Orleans Police Department Operations Manual; Rule 4: Performance of Duty, paragraph 2-Instruc-tions from an Authoritative Source to wit: Chapter 22.8, paragraph 37, and General Order 828. Rule 4: Performance of Duty, paragraph 2-Instructions from an Authoritative Source states:
An employee shall professionally, promptly, and fully abide by or execute instructions issued from any authoritative source, including any order relayed from a superior by an employee of the same or lesser rank. If the instructions are reasonably believed to be in conflict with the Rules and Procedures of the Department or other issued instructions, this fact shall respectfully be- made known to the issuing authority. If the issuing authority elects to insist upon execution of the instructions which are reasonably believed to be in conflict with Departmental Rules and Procedures, the employee receiving the instructions shall have the right to request and is entitled to receive, IMMEDIATELY, said instructions in writing, except in cases of emergency as determined by the supervisor. The issuing authority shall be held responsible should any conflict materialize; however, no instructions shall be issued or executed which are in violation of law.
(emphasis added).
Chapter 22.8: Paid Details, paragraph 37, and General Order 828 provides:
Employees are responsible for negotiating compensation for details with the detail employer. Under no circumstances shall the employee solicit or accept a cash payment for any work performed in a paid detail capacity.
| fiCheck made payable to ‘cash’ can only be interpreted as a form of cash payment, which is prohibited under policy. To clarify, checks should only be made payable using the legal name of the member working the paid detail,
(emphasis added).
The internal regulation relating to paid details went into effect on August 12, 2010, almost one year prior to the incident giving rise to this appeal. Assistant Superintendent Albert testified that the policy regarding cash payment of paid details was established and later reinforced by email to all members of the department. In May 2011, Superintendent Serpas for *1038 warded an email reminding all members authorized to work paid details of “the prohibition against ‘case [sic] payments.’ ” Likewise, the email cited the policy language and underscored that “[c]hecks made payable to ‘cash’ can only be interpreted as a form of cash payment, which is prohibited under the policy. To clarify, checks should only be made payable using the legal name of the member working the paid detail.” Assistant Superintendent Albert testified that “every member of the department should have been aware of the rule and at all times abide by it.”
In June 2011, Officer Tregre accepted a check made payable to cash for a paid detail with Blaine Kern, Inc. In his administrative statement, Officer Tregre admitted that he cashed the check made payable to cash and received payment. Officer Tregre testified that he was unaware of the policy against accepting a check made payable to cash as payment until after the complaint was filed and someone in the office showed him the May 2011 email.
1 ^Nevertheless, Officer Tregre admitted that he was aware of the policy against accepting cash payment for paid details. In addition, he conceded that he is responsible for checking all his emails. Thus, the Commission found that the Appointing Authority had a rational basis for concluding that Officer Tregre knew or should have known about the internal policy against accepting checks made payable to cash as payment for paid details. Consequently, the Commission concluded that the Appointing Authority had sufficient cause to find that Officer Tregre failed to abide by the Instructions from an Authoritative Source. Specifically, Officer Tregre accepted a check made payable to cash in violation of Chapter 22.8, paragraph 37, General Order 828 and in doing so violated Instructions from an Authoritative Source. We find the Commission’s factual findings reasonable.
In order for the Appointing Authority to have legal cause to discipline, Officer Tregre’s violation must impair the efficiency of the public service in which he is engaged. Pope, 04-1888, p. 6, 903 So.2d at 5. At the August 2012 hearing, Assistant Superintendent Albert testified that cash payments are more difficult to track and link to the officer who performed the detail. Thus, the policy prohibiting cash payments including checks made payable to cash was established to avoid the “look of impropriety” and “to keep a better record of payment that officers receive while working paid details.” The Commission found the Appointing Authority “is justified in enforcing a legitimate rule that protects the integrity of its detail policy. Checks made payable to cash can be cashed by anyone, while a check issued to a ^specific individual is more restrictive.” The Department of Police establishes certain policies and regulations to assure the efficient operation of the public service. Failing to uphold and discipline those in violation of the rules impairs the integrity and operation of the department. Therefore, we agree with the Commission that the Appointing Authority sustained its burden of proof that legal cause existed and discipline was warranted.

PENALTY

Officer Tregre also claims the penalty imposed is not commensurate with the offense. Officer Tregre points to his over twenty years of service to the New Orleans Police Department without prior discipline or incident. Given that this is his first offense, Officer Tregre avers that the penalty imposed is excessive. Assistant Superintendent Albert testified at the August 2012 hearing that penalty guidelines provided a range from “a letter of reprimand to three days” relating to a category one offense. The Appointing Authority imposed a two working-day suspension in *1039 this case. Thus, the penalty imposed was within the guidelines. Accordingly, we agree with the Commission that the Appointing Authority did not abuse its discretion by imposing a two working-day suspension.

DECREE

For the foregoing reasons, we find that the Commission did not commit manifest error in denying Officer’s Tregre’s appeal and affirm.
AFFIRMED.