Judge Roland L. Belsome
110fficer August Michel appeals the Civil Service Commission’s (Commission) affirmation of his termination by the New Orleans Police Department’s appointing authority. The appointing authority found that Officer Michel violated internal regulations of Moral Conduct, Adherence to Law and Professional Conduct, Use of Alcohol Off Duty. For the reasons that follow we affirm.
In the early morning hours of February 22, 2012, August Michel, an off duty New Orleans police officer, was involved in an altercation at an alcoholic beverage establishment on Bourbon Street in the French Quarter.[1] As a result of that altercation, bar personnel became aware that Officer Michel was carrying a firearm and informed the New Orleans Police Department (NOPD). Subsequently, Officer Michel was charged with a violation of La. R.S. 14:95.5, possession of a firearm on premises of alcoholic beverage outlet. The NOPD immediately suspended Officer Michel without pay for four days.
|;>On January 17, 2013, Officer Michel entered a plea of nolo contendere to the charge of possession of a firearm on premises of alcoholic beverage outlet. He was fined $200 and sentenced to forty-five days in Orleans Parish Prison, all of which was suspended. In response, the NOPD placed Officer Michel on suspension without pay for thirty-nine days.
Following a disciplinary investigation, the recommendation given by Deputy Superintendent Kirk Bouyelas was for a ten-day suspension for the off duty use of alcohol and termination for carrying his service weapon into an alcohol beverage outlet. The Superintendent of Police agreed with the recommendation and Officer Michel was terminated on May 29, 2013.
*629 The Civil Service Commission affirmed the appointing authority’s termination of Officer Michel. This appeal followed.
On appeal, Officer Michel contends that the Commission erred in affirming the disciplinary action taken against him because the NOPD failed to comply with the standards set forth in La. R.S. 40:2531(B)(7). Additionally, Officer Michel argues that the Commission erred in its finding that the alleged infraction interfered with the efficient operation of the public service and that the penalty was commensurate with the offense.
First, Officer Michel maintains that the NOPD did not follow the minimum standards set forth in La. R.S. 40:25S1(B)(7), which provides that an investigation of a law enforcement officer shall be completed within sixty days. He argues that the investigation began when the NOPD suspended him without pay on February | ^22, 2012 and was not concluded until March 4, 2013. Thus, his disciplinary action should be considered a nullity due the investigation exceeding the sixty days set forth in the statute. The statute however, also provides that “[n]othing in this Paragraph shall limit any investigation of alleged criminal activity.” The Commission found that the sixty-day administrative investigatory period was complied with, but after the criminal investigation was completed.
The Louisiana Supreme Court addressed this issue in O’Hern v. Dep’t of Police.[2] On December 12, 2009, Officer O’Hern, while on duty, drove his personal vehicle to the top floor of a parking garage where he consumed a considerable amount of alcohol and anti-anxiety medication. He then proceeded to taser himself and discharged his firearm more than twenty times within the vehicle. Officer O’Hern was found incapacitated and was taken for medical treatment. On that date, the NOPD Public Integrity Bureau began an investigation regarding violations of professional conduct, performance of duties, and criminal activity. Subsequent to arrest, Officer O’Hern pleaded nolo contendere to a violation La. R.S. 14:94, illegal use of weapons or dangerous instrumentalities. On March 5, 2010, the NOPD sought an administrative statement ' from Officer O’Hern. He received notice that the investigation was completed on April 27, 2010 and his employment was terminated.
On appeal he maintained that the NOPD violated the sixty-day standard set forth in La. R.S. 40:2531(B)(7) and therefore the disciplinary action was an |4absolute nullity. The Commission affirmed the disciplinary action. This Court initially affirmed that decision, but later, on rehearing, reversed the disciplinary action based on the administrative investigation exceeding the sixty day limit. The Supreme Court granted writs, reversed this Court and reinstated the decision of the Commission.
In O’Hern, the court found that the initial investigation was criminal in nature and specifically stated that “jurisprudence establishes that a criminal investigation tolls the time limit for the administrative investigation.” Accordingly, it was not until the NOPD’s March 5, 2010 request for Officer O’Hern’s investigatory statement that the criminal investigation switched to an investigatory investigation. Thus, under those circumstances, the investigation was completed on April 27, 2010, within the requisite sixty-day period. Shortly after O’Hem, the Louisiana Supreme Court’s per curiam, in McMasters v. Dep’t of Police, reiterated that the “sixty-day time limitation within which to complete an in *630 vestigation does not apply to investigations involving criminal activity.”[3]
The activities of February 22, 2012, are largely undisputed. At his hearing, Officer Michel stated that he had been drinking for several hours at two different alcohol establishments while knowingly carrying his service weapon. It was later determined that he had a blood alcohol level of .208, substantially higher than the legal limit of .08. Officer Michel’s activities that evening, including some level of participation in an altercation, lead to him being charged with a criminal I (¡misdemeanor violation of La. R.S. 14:95.5, possession of a firearm on the premises of an alcoholic beverage outlet. His nolo contendere plea on that charge was entered on January 17, 2013. After his plea, the criminal investigation changed to an administrative investigation which was concluded on March 4, 2013 which is within sixty days/[4]
The Commission’s interpretation of the sixty-day rule presénte a question of law and is thus subject to a de novo standard of review.[5] In light of the Louisiana Supreme Court’s interpretation of the provisions of La. R.S. 40:2531(B)(7) in O’Hern and McMasters, this Court must affirm the Commission’s determination that the investigation was completed in a timely manner considering the criminal nature of the initial investigation.
Next, Officer Michel argues that the Appointing Authority failed to prove cause to take disciplinary action and in the alternative the disciplinary action taken against him was not commensurate with the violations. We disagree.
It is well settled that appellate courts review the Commission’s findings of fact under a clearly wrong/manifestly erroneous standard; reasonable findings will not be disturbed.[6] It is the Commission’s duty to determine, based on the facts presented, if “the appointing authority had good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed was commensurate | fiwith the dereliction.”[7] When the appointing authority demonstrates that the officer’s conduct adversely impacts the efficiency of the department, legal cause for disciplinary action exists.[8] In establishing legal cause for discipline, the appointing authority has the burden of proving, by a preponderance of the evidence, that 1) a violation occurred and 2) the violation impaired the efficient operation of the public service.[9] On appellate review, the Commission’s order of disciplinary action and the punishment for the infraction will not modified unless it is arbitrary, capricious, or an abuse of discretion.[10] In order to find the Commission’s order arbitrary, capricious, an abuse of *631 discretion, there must be no rational basis for the finding.[11]
In this case, the record is clear that the two violations, carrying a weapon at an alcohol beverage outlet and off duty drinking, occurred. Furthermore, this Court cannot find that the Commission was irrational in finding that Officer Michel’s actions impaired the efficiency of the department. Police officers are charged with enforcing the law. When an officer violates the law it casts doubt on the integrity of the department.[12] In addition, the Commission’s punishment for the infractions[13] cannot be considered arbitrary, capricious, or an abuse of discretion given Officer Michel’s blood alcohol level of .208 and his testimony that |7he knowingly carried his weapon into the alcohol establishments. For these reasons the Commission’s findings are affirmed.
AFFIRMED

. Even though Officer Michel was issued a summons for assault, he denies that he was an active participant in the altercation. The battery charge was eventually dismissed.

. 13-1416 (La. 11/08/13), 131 So.3d 29.

. 13-2634, p. 2 (La. 2/28/14), 134 So.2d 1163, 1163-64,

. See O’Hern, supra.

. Kendrick v. Dep’t of Police, 2016-0037 (La. App. 4 Cir. 6/1/16), 193 So.3d 1277, 1284, writ denied, 2016-1435 (La. 11/15/16) (citing Liang v. Dep’t of Police, 13-1364, pp. 8-9 (La.App. 4 Cir. 8/20/14), 147 So.3d 1221,-1225).

. Tregre v. Dep’t of Police, 13-1365, p. 4 (La. App. 4 Cir. 4/30/14), 139 So.3d 1034, 1037 (citing Allen v. Dep’t of Police, 09-0589, p. 2 (La.App. 4 Cir. 11/12/09), 25 So.3d 966).

. Mitchell v. Dep’t of Police, 09-0724, p. 3 (La.App. 4 Cir. 3/17/10), 34 So.3d 952, 953 (citing Walters v. Dep’t of Police, 454 So.2d 106, 113 (La. 1984)).

. Id., 09-0724 at p.3, 34 So.3d at 953-54 (citing Cittadino v. Dep’t of Police, 558 So.2d 1311, 1315 (La.App. 4th Cir. 1990)).

. Id., 09-0724 at p.3, 34 So.3d at 954

. See Tregre, supra.

. Id.

. See Regis v. Dep’t of Police, 13-1124, p.2 (La. 6/28/13), 121 So.3d 665, 666.

. Officer Michel received a ten-day suspension for off duty drinking and termination for the violation of La. R.S. 14:95.5.