Judge Marion F. Edwards, Pro Tempore
_JjPlaintiff/Appellant, Keyalah Bell, appeals a ruling of the Civil Service Commission denying the appeal of her termination as a police officer with the City of New Orleans. For the following reasons, we affirm.
FACTS
In July of 2012, the New Orleans Department of Police terminated Officer Bell following a disciplinary investigation that determined that she was driving while intoxicated, crashed into a parked vehicle, fled the scene of the accident, and returned only after the owner of the damaged vehicle tracked her down. On July 2, 2013, the Civil Service Commission granted Officer Bell’s appeal, and overturned the New Orleans Department of Police’s termination decision based solely on the Department’s failure to complete its disciplinary investigation within the sixty-day time period set forth under La. R.S. 40:2531(B)(7). However, this Court, in Keyalah Bell v. Department of Police, 13-1529 (La.App. 4 Cir. 5/21/14), 141 So.3d 871, reversed the ruling of the Civil Service Commission, which relied upon La. R.S.40:2531[1]1 g(B)(7) as its basis for grant- *821 mg Officer Bell’s appeal and remanded this matter to the Civil Service Commission to address the merits of Officer Bell’s appeal. This Court previously set forth the facts as follows:
Officer Keyalah Bell, was arrested in the early morning hours of May 6, 2011, for driving while intoxicated in violation of La. R.S. 14:98, and for hit and run driving, in violation La. R.S. 14:100. At the time of the incident, Bell was employed by the New Orleans Department of Police (hereinafter also referred to as “Department”) as a police officer with permanent status. It is undisputed that she had been drinking prior to the time that she crashed her personal vehicle into a parked car owned by Jocelyn Owens. Witnesses were interviewed and reported that Officer Bell initially left the scene of the accident, and returned only after Ms. Owens located her a few blocks away and asked her to return. One of Ms. Owens’ neighbors, Cheryl Vernado, specifically recalled observing Officer Bell exit her vehicle, inspect the damage while holding her mouth, get back into her vehicle, and drive away. In addition, the officer who arrived on the scene detected a strong odor of alcohol emitting from Officer Bell’s breath.
The Department avers that an administrative investigation was launched and that field sobriety and breathalyzer tests were administered because Officer Bell initially refused to submit to a breathalyzer test as part of the criminal investigation. At the time the tests were performed, Officer Bell’s blood alcohol content level was determined to be 0.15Sg%—nearly twice the legal limit. The Department’s Form DI-1, entitled “Initiation of a Formal Disciplinary Investigation,” was completed on May 9, 2011; however, the Department maintains that the administrative investigation did not continue until Officer Bell received a nolle prosequi from traffic court on October 3, 2011. Thereafter, the Department’s investigator requested and received a 60-day extension of time to complete the investigation. The investigation was completed on November 9, 2011.
laDuring the course of the investigation, Officer Bell gave an administrative statement admitting that her consumption of alcoholic beverages impaired her ability to drive. In the statement, Officer Bell admitted to going out and drinking with friends. On the way home, she said she was involved in an accident and hit her head. Officer Bell denied fleeing the scene and rather stated that she pulled over and stopped at the location where her vehicle rested. She also claimed to have no recollection of how her car ended up two blocks away.
Office Bell received a disciplinary letter from Department Superintendent Ronel W. Serpas dated July 31, 2012, advising that the Department’s internal investigation determined that she violated Rule 2: Moral Conduct, paragraph 1—Adherence to Law to wit: La. R.S. 14:100 relative to Hit and Run. Rule 2 states:
Employees shall act in accordance with the constitutions, statutes, ordinances, administrative regulations, and the official interpretations thereof, of the United States, the State of Louisiana, and the City of New Or *822 leans.... Neither ignorance of the law, its interpretations, nor failure to be physically arrested and charged, shall be regarded as a valid defense against the requirements of this rule.
Based on her statement, the Department also concluded that Officer Bell’s conduct violated Rule 3: Professional Conduct, paragraph 9, Use of Alcohol/Drugs Off Duty (Category 3), which states in pertinent part:
An employee while off duty shall refrain from consuming intoxicating beverages ... to the extent it results in impairment, intoxication, obnoxious or offensive behavior that discredits him/ her,' [or] the Department....
Officer Bell was dismissed as a result of these two sustained violations. Although Officer Bell was also investigated for an additional violation of Rule 2, relative to driving while intoxicated, no action was taken with regard to this violation because it was determined to be duplicative of the first Rule 2 violation for hit and run.
L Officer Bell timely appealed the Department’s termination decision to the Civil Service Commission for the City of New Orleans (hereinafter also referred to as “Commission”). A two-day hearing was held wherein testimony was obtained from the investigating officers and from Superintendent Serpas. In connection with the hearing, Officer Bell complained that she had been disciplined more severely than similarly situated officers. (Footnote omitted). She also argued that there was insufficient evidence to prove that she committed the crime of hit and run in violation of La. R.S. 40:100 because all criminal charges related to the incident had been dismissed, and because the Department could not satisfy its burden of proving that she had the requisite criminal intent to commit the crime of hit and run where there was evidence that she suffered a head injury and did not know why her car traveled from the scene of the collision, that she personally called the police department following the accident, and that there was no party injured at the scene to render assistance to.
Officer Bell further argued in post-hearing briefs that the Department’s investigation was untimely under Ro bin-son v. Dep’t of Police, 12-1039 (La.App. 4 Cir. 1/16/13), 106 So.3d 1272 because it was not completed within 60 days as required by La. R.S. 40:2531(B)(7). (Footnote omitted).
The Civil Service Commission granted Officer Bell’s appeal and reversed the Department’s decision to terminate her employment based solely on untimeliness argument....
Again, this Court reversed the May 21, 2014, ruling of the Civil Service Commission, which relied upon La. R.S.40:2531(B)(7) as its basis for granting Officer Bell’s appeal, and remanded this matter to the Civil Service Commission to properly address the merits of Officer Bell’s appeal. On May 6, 2016, the Civil Service Commission denied Officer Bell’s appeal finding that her “misconduct was extremely serious and must be deterred through discipline” and that “termination is the appropriate level of discipline.” Officer Bell now appeals this final judgment.
| .STANDARD OF REVIEW
An employee with permanent status in the classified city service may only be terminated, or otherwise subjected to disciplinary action, in writing and for good cause. La. Const. Art. X, § 8(A); Walters v. Dept. of Police of New Orleans, 454 So.2d 106, 113 (La.1984). Good “cause” for the dismissal of such a person includes conduct prejudicial to the public service involved or detrimental to its efficient op *823 eration. Id. The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained-of activity or dereliction occurred, and that such dereliction bore a real and substantial relationship to the efficient operation of the appointing authority, Cittadino v. Department of Police, 558 So.2d 1311, 1315 (La.App. 4 Cir.1990).
The burden of proof on appeal to the City Civil Service Commission shall be on the appointing authority. Watters v. Dept. of Police of New Orleans, 454 So.2d at 112-113. The decision of the Civil Service Commission is subject to review on any question of law or fact upon appeal to this Court, and this Court may only review findings of fact using the manifestly erroneous/clearly wrong standard of review. La. Const. Art. X, § 12(B); Walters, 454 So.2d at 114. In determining whether the disciplinary action was based on good cause and whether the punishment is commensurate with the infraction, this Court should not modify the Commission’s order unless it was arbitrary, capricious, or characterized by an abuse of discretion. Id. A decision by the City Civil Service Commission is “arbitrary or capricious” if there is no rational basis for the action taken by the Commission. Bannister v. Department of Streets, 95-0404, p. 8 (La. 1/16/96), 666 So.2d 641, 647.
^DISCUSSION
In this appeal, Officer Bell argues that the Civil Service Commission erred in terminating her for a violation of La. R.S. 14:98, operating a vehicle while intoxicated, when neither the superintendent of police nor the deputy superintendent terminated her on that basis, and that the Civil Service Commission acted in an arbitrary fashion and abused its discretion in dismissing her for consumption of alcohol while off duty. In response to Officer Bell’s appeal, the Department of Police argues its July 31, 2012 disciplinary letter stated two violations for which the penalty was termination; 1) the hit and run[2]; and 2) use of alcohol off-duty (Category 3), a violation of New Orleans Police Department Rule 3, paragraph 9. Thus, the Department of Police argues that because the Civil Service Commission agreed with one of the two violations for which Officer Bell was terminated, her termination should be upheld. We agree.
The July 31, 2012, letter of termination referenced Officer Bell’s violation of Rule 3, Professional Conduct, specifically, paragraph 9, regarding the use of alcohol off-duty, listing this as a Category 3, or major offense. Rule 3, paragraph 9 provides as follows:
Employees shall conduct themselves in a professional manner with the utmost concern for the dignity of the individual with whom they are interacting. Employees shall not unnecessarily inconvenience or demean any 17individual or otherwise act in a manner which brings discredit to the employee of the Police Department.
Paragraph 9, Use of Alcohol/Drugs Off Duty states, in pertinent part:
An employee while off duty shall refrain from consuming intoxicating beverages *824 ... to the extent [it] results in impairment, intoxication, obnoxious or offensive behavior that discredits him/her, the Department, or render the employee(s) unfit to report for his/her next regular tour of duty.
Although Officer Bell was also investigated for an additional violation of Rule 2, relative to driving while intoxicated[3], no action was taken with regard to this violation because it was determined to be duplica-tive of the first Rule 2 violation for hit and run. Nonetheless, the record clearly establishes that Officer Bell consumed alcoholic beverages on May 5, 2011, was intoxicated, and seriously damaged her car, and that of another, while driving home that night. Further, Officer Bell performed the field sobriety test unsatisfactorily and recorded a blood alcohol content of ,153g% as a result of the breathalyzer test, which was beyond the legal limit. . The Department of Police categorized Officer Bell’s violation of Rule 3, paragraph 9 as a “Category 3” or major offense that warranted her removal from service. After reviewing the record, we agree with the.Civil Service Commission’s finding that Officer Bell violated the Police Department’s Rule 3, paragraph 9, and that Officer Bell “was impaired and engaged in offensive behavior that discredited her.”
 Officer Bell also argues that the disciplinary action of being dismissed was not commensurate with a first offense of violation of Rule 3, paragraph 9, the use |Bof alcohol off duty. In determining whether an appointing authority properly imposed disciplinary action against a classified employee, the reviewing court must consider whether the punishment is commensurate with the offense. Staehle v. Dep’t of Police, 98-0216, p. 5 (La.App. 4 Cir. 11/18/98), 723 So.2d 1031, 1034. The evidence in the record must establish a rational basis for the imposed discipline. Id., p. 6, 723 So.2d at 1034.
The Rules of the Civil Service Commission for the City of New Orleans provides that when a classified employee “has committed any act to the prejudice of the service, or has omitted to perform any act it was his/her duty to perform, or otherwise has been subjected to corrective action, the appointing authority shall take action as warranted by the circumstances to maintain the standards of effective service.” See Rule IX, § 1.1. This action may include: (1) removal from the service; (2) involuntary retirement; (3) reduction in pay within the salary range for the employee’s classification, subject to the provisions of Rule IV, Section 8; (4) demotion to any position of a lower classification that the employee is deemed by the appointing authority and the Director to be competent to fill, accompanied by a reduction in pay...; (5) suspension without pay not exceeding one hundred twenty (120) calendar days; and (6) fine. See Rule IX, § 1.1
In upholding the discipline imposed by the Department of Police for a violation of Rule 3, the Civil Service Commission found that “NOPD has established that Appellant [Office Bell] consumed alcoholic beverages on May 5, 2011, was intoxicated, and seriously damaged her car and that of another while driving home late at night. Thus, NOPD has proved, by a preponderance of the 19evidence, that Appellant was *825 impaired and engaged in offensive behavior that discredited her.” Based on our review of record, we agree with the Civil Service Commission’s conclusion that the Department of Police established by a preponderance of the evidence that Office Bell’s behavior in May of 2011 seriously impaired the efficiency of the department. Thus, we do not find the Civil Service Commission was arbitrary and capricious or abused its discretion by denying Officer Bell’s appeal and upholding her termination.
For these reasons, we hereby affirm the May 6, 2016 judgment, which found that there was sufficient cause to terminate Officer Bell.
AFFIRMED

. Louisiana Revised Statute 40:2531(B)(7) states, in pertinent part: When a formal and written complaint is made against any police employee or law enforcement officer, the superintendent of state police or the chief of police or his authorized representative shall initiate an investigation within fourteen days of the date the complaint is made. Except as otherwise provided in this Paragraph, each investigation of a police employee or law en *821 forcement officer which is conducted under the provisions of this Chapter shall be completed within sixty days.... The investigation shall be considered complete upon notice to the police employee or law enforcement officer under investigation of a pre-disciplinary hearing or a determination of an unfounded or unsustained complaint. Further, nothing in this Paragraph shall limit any investigation of alleged criminal activity.

. A violation of NOPD Rule 2; Moral Conduct ¶ 1—Adherence to law to Wit: La. R.S. 14:100 Relative to Hit and Run. NOPD Rule 2 states:
Employees shall act in accordance with the constitutions, statutes, ordinances, administrative regulations, and the official interpretations thereof, of the United States, the State of Louisiana, and the City of New Orleans.... Neither ignorance of the law, its interpretations, nor failure to be physically arrested and charged, shall be regarded as a valid defense against the requirements of this rule.

. La, R.S. 14:98 provides that the crime of operating a vehicle while intoxicated is the operating of any motor vehicle, when any of the following conditions exist:
(a) the operator is under the influence of alcoholic beverages, and
(b) the operator’s blood alcohol concentration is 0,08 per one hundred cubic centimeters of blood.