Judge Regina Bartholomew-Woods
Appellant, James Cunningham, ("Officer Cunningham") a permanent, classified employee of the New Orleans Police Department, seeks review of the Civil Service Commission's October 17, 2017 ruling, which upheld Appellant's termination by the New Orleans Police Department for violating Professional Conduct Rule 3, Paragraph 9, to wit: Use of Alcohol/Drugs Off-duty. For the reasons that follow, we reverse the Civil Service Commission's ruling.
FACTUAL BACKGROUND
For nine (9) years, Officer Cunningham, was a permanent, classified employee who served as a police officer with the New Orleans Police Department ("NOPD"), most recently assigned to the gang unit. On the evening of January 12, 2015, Officer Cunningham, his girlfriend Tiffany Junot ("Ms. Junot"), and a female friend visited different restaurants and bars to eat dinner and enjoy live music. After a disagreement with Officer Cunningham, *803 Ms. Junot left the restaurant and returned to "her" apartment.[1]
Shortly thereafter, Officer Cunningham arrived at Ms. Junot's apartment and used his keys to unlock the outer metal door and the front door deadbolt. However, he was unable to gain entry into the apartment because Ms. Junot had engaged two metal security latches on the front door that prohibited the door from opening more than a few inches. Officer Cunningham rang the doorbell numerous times and yelled to Ms. Junot, but she did not respond. Next, Officer Cunningham forced his way into the apartment, using his hip and legs to break through the security latches, which damaged the door frame. According to Officer Cunningham, upon his entry into the apartment, Ms. Junot physically attacked him by scratching his face with her fingernails and punching him in the face; he testified that he kept his arms at his sides and did not strike Ms. Junot.[2] Officer Cunningham further testified that he exited the apartment briefly, then re-entered the apartment; at that point, Ms. Junot called the police, began hitting and kicking him, and instructed him to leave. Officer Cunningham waited outside the apartment for NOPD to arrive.
Upon their arrival, Officer Cunningham was transported to University Hospital to receive medical treatment for his injuries; however, Officer Cunningham refused medical treatment for his facial lacerations. While at the hospital, Officer Cunningham submitted to Reasonable Suspicion Alcohol and Drug Testing (breathalyzer), which showed his blood alcohol content was 0.125%, an amount in excess of the legal limit allowed for operating a motor vehicle. NOPD placed Officer Cunningham on emergency suspension. He was transported to the Public Integrity Bureau where he met with his attorney and declined to provide a statement.
PROCEDURAL HISTORY
On January 13, 2015, Officer Cunningham was arrested and charged with violating La. R.S. 14:35, to wit, simple battery and La. R.S. 14:62.8, to wit: home invasion.[3] The Orleans Parish District Attorney's Office refused the charges. NOPD conducted an internal disciplinary investigation and found him to be in violation of the following: (1) Moral Conduct Rule 2, Paragraph 1 Adherence to Law, specifically La. R.S. 14:35 - Simple Battery;[4] (2)
*804 Moral Conduct Rule 2, Paragraph 1 Adherence to Law, specifically La. R.S. 14:62.8 - Home Invasion; and (3) Professional Conduct Rule 3, Paragraph 9 Use of Alcohol/Drugs Off-duty.[5]
On March 2, 2016, a disciplinary hearing was held, but Officer Cunningham declined to attend. On March 17, 2016, NOPD, through its Superintendent of Police, Michael Harrison, issued Officer Cunningham a discipline letter advising him of his termination based on the aforementioned three (3) violations. Thereafter, Officer Cunningham filed an appeal with the Civil Service Commission ("CSC"). On June 29, 2017, the CSC conducted a hearing in this matter and rendered its opinion on October 17, 2017.
The CSC held that NOPD failed to prove, by a preponderance of the evidence, that Officer Cunningham violated Moral Conduct Rule 2, Paragraph 1 Adherence to Law, specifically La. R.S. 14:35 - Simple Battery, as well as, Moral Conduct Rule 2, Paragraph 1 Adherence to Law, specifically La. R.S. 14:62.8 - Home Invasion. However, the CSC held that Officer Cunningham violated Professional Conduct Rule 3, Paragraph 9 Use of Alcohol/Drugs Off-duty and upheld NOPD's discipline of termination. It is from the CSC's October 17, 2017 ruling that Officer Cunningham filed the instant appeal.
DISCUSSION
In summary, Officer Cunningham's assignments of error address whether the CSC abused its discretion and acted arbitrarily and capriciously by upholding NOPD's termination for his violation of Professional Conduct Rule 3, Paragraph 9 Use of Alcohol/Drugs Off-duty.
Standard of Review
In consideration of an appeal from a ruling by the CSC, the Louisiana Supreme Court has pronounced that:
[a]n employee with permanent status in the classified civil service cannot be subject to disciplinary action by his employer except for cause expressed in writing. La. Const. art. X, § 8 (A); Lange v. Orleans Levee Dist., [20]10-0140, p. 2 n. 2 (La. 11/30/10), 56 So.3d 925, 928 n. 2. Legal "cause" for disciplinary action exists when the employee's conduct "impairs the efficient or orderly operation of the public service." Civil Service Rule 1.5.2.01; AFSCME, Council #17 v. State ex rel. Dep't of Health & Hosp., 01-0422, p. 8 (La. 6/29/01), 789 So.2d 1263, 1268. The appointing authority must prove, by a preponderance of the evidence, the occurrence of the complained of activity and that the conduct did in fact impair the efficient and orderly operation of the public service. See Newman v. Dep't of Fire, 425 So.2d 753, 754 (La. 1983).
Regis v. Dep't of Police , 2013-1124, pp. 1-2 (La. 6/28/13), 121 So.3d 665.
This Court further explained that:
[t]he standard of review for civil service cases in the appellate courts is multifaceted. See *805 Muhammad v. New Orleans Police Dep't. , 2000-1034, p. 4 (La. App. 4 Cir. 7/11/01), 791 So.2d 788, 790. When reviewing the Commission's findings of fact, the appellate court must apply the clearly wrong or manifestly erroneous standard. However, when judging the Commission's exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the reviewing court should not modify the Commission's order unless it is arbitrary, capricious or characterized by abuse of discretion. Id. , 00-1034, pp. 4-5, 791 So.2d at 790-91 (citing Wilson v. New Orleans Aviation Bd. , 96-1350, p. 2 (La. App. 4 Cir. 1/15/97), 687 So.2d 593, 595 ). Therefore, the appropriate standard of appellate review of actions by the Civil Service Commission is to determine whether the conclusion reached by the Commission is arbitrary or capricious. Id. (citing Palmer v. Dep't. of Police, 97-1593 (La. App. 4 Cir. 1/28/98), 706 So.2d 658 ). As in other civil matters, deference should be given on appellate review to the factual conclusions of the Commission. Id. (citing Newman v. Dep't. of Fire , 425 So.2d 753 (La. 1983) ). It is only when this court finds that the Commission's actions were arbitrary or capricious that it can disturb the Commission's judgment. Id.
Aucoin v. Dep't of Police , 2016-0287, pp. 3-4 (La. App. 4 Cir. 3/29/17), 229 So.3d 531, 533.
Analysis
The NOPD penalty matrix outlines the level of discipline that should be given for certain violations of either NOPD policies or Louisiana state law. The matrix, in pertinent part, shows the following penalty schedule for the offense that Officer Cunningham was accused of violating and for which the CSC found probable cause existed that supported his termination[6] :
Violation Category 1st Offense 2nd Offense 3rd Offense Use of 1 R[8]-10 5-30 30-D[9] Alcohol/Off 2 5-30 30-D 60-D Duty[7] 3 30-D 60-D D
[Editor's Note : The preceding image contains the references for footnotes[7] ,[8] ,[9] ]
The NOPD's Disciplinary Hearings and Penalty Schedule has three (3) categories of seriousness of offenses. Category 1, which is considered minor, consists of the following: "(a) Does not affect the rights or liberties of another; (b) Involves only an *806 administrative investigation or violation; and/or (c) Does not affect job performance." Category 2, which is considered moderate, consists of the following: "(a) May affect the rights or liberties of another; (b) Involves only an administrative investigation or violation; and/or (c) May affect job performance." Category 3, which is considered major, consists of the following: "(a) May affect the rights or liberties of another; (b) May affect job performance; and/or (c) Involves a serious administrative or criminal violation." The above-referenced matrix provides the basis for the discipline given to Officer Cunningham by NOPD and the decision to dismiss Officer Cunningham from his position with the NOPD by CSC.
Use of Alcohol Off-duty
At the hearing, the CSC found that NOPD met its burden of proving that Officer Cunningham violated Professional Conduct Rule 3, Paragraph 9 Use of Alcohol/Drugs Off-duty because Officer Cunningham submitted to a breathalyzer examination on January 13, 2015, which showed that his blood alcohol content ("BAC") was 0.125%. The CSC reasoned that Officer Cunningham's BAC exceeded 0.08%, the maximum allowable amount to operate a motor vehicle.[10] Also, Officer Cunningham admitted to consuming alcoholic beverages; however, it is worth noting that Officer Cunningham has not been accused of operating a motor vehicle under the influence of alcohol.
At the hearing, NOPD had the burden of proving that Officer Cunningham's conduct impairs the efficiency of the department and that his conduct bears a real and substantial relationship to the efficient operation of the department. The CSC found that Officer Cunningham's off-duty intoxication "brought discredit to Officer Cunningham."
In its Disciplinary Hearing Disposition, NOPD categorized Officer Cunningham's violation of Professional Conduct Rule 3, Paragraph 9 Use of Alcohol/Drugs Off-duty as a category 3/first offense. According to the NOPD Penalty Schedule, a category 3/first offense of Professional Conduct Rule 3, Paragraph 9 Use of Alcohol/Drugs Off-duty, carries a penalty range of a ten (10) day suspension to dismissal.
The second prong of our review evaluates whether NOPD's termination of Officer Cunningham is commensurate with his violation of Professional Conduct Rule 3, Paragraph 9 Use of Alcohol/Drugs Off-duty. This Court has reasoned that
[t]ermination from permanent employment is the most extreme form of disciplinary action that can be taken against a city employee. Hills v. New Orleans City Council, [19] 98-1101, p. 6 (La. App. 4 Cir. 12/09/98), 725 So.2d 55, 58. Cause that may justify some other lesser form of disciplinary action may not necessarily justify a dismissal. Dept. of Public Safety and Corrections, Office of State Police v. Mensman, [19] 95-1950, p. 4 (La. 4/8/96), 671 So.2d 319, 321. In reviewing the disciplinary action taken by the Appointing Authority, "the Commission must consider whether the punishment was commensurate with the proven infractions under the circumstances. Id., [19]95-1950, p. 5, 671 So.3d at 322.
*807 Honore' v. Dep't of Pub. Works , 2014-0986, p. 16 (La. App. 4 Cir. 10/29/15), 178 So.3d 1120, 1131, writ denied sub nom. Honore v. Dep't of Pub. Works , 2015-2161 (La. 1/25/16), 185 So.3d 749.
The NOPD Penalty Schedule defines category 3 as a major offense that "(a) [m]ay affect the rights or liberties of another; (b) [m]ay affect job performance; and/or (c) [i]nvolves a 'serious' administrative or criminal violation" [emphasis added]. For a first offense, this violation carries a penalty range of a thirty (30) day suspension to dismissal. By contrast, the NOPD Penalty Schedule defines category 2 as a moderate offense that "(a) [m]ay affect the rights or liberties of another; (b) [i]nvolves only an administrative investigation or violation; and/or (c) [m]ay affect job performance." For a first offense, this violation carries a penalty range of a five (5) to thirty (30) day suspension. Finally, the NOPD Penalty Schedule defines category 1 as a minor offense that "(a) [d]oes not affect the rights or liberties of another; (b) [i]nvolves only an administrative investigation or violation; and/or (c) [d]oes not affect job performance." For a first offense, this violation carries a penalty range from a reprimand to a ten (10) day suspension.
After our review of the record, we find that the CSC erred in failing to amend Officer Cunningham's violation of Professional Conduct Rule 3, Paragraph 9 Use of Alcohol/Drugs Off-duty from a category 3 offense to a category 1 offense because he did not commit a serious criminal violation, as well as this being Officer Cunningham's first offense. As stated previously, public intoxication is either a municipal code violation or a misdemeanor. Under no circumstance, however, does it rise to the level of a serious criminal charge. Moreover, nowhere in the record before this Court has it been identified that Officer Cunningham ever operated a motor vehicle under the influence of alcohol or drugs. Thus, his self-admitted public intoxication can only be one of two violations, to wit: disturbing the peace, a misdemeanor offense, or public intoxication, a municipal code violation. Therefore, we hold that the CSC abused its discretion and acted arbitrarily and capriciously in finding that NOPD's termination of Officer Cunningham was the proper discipline for violating Professional Conduct Rule 3, Paragraph 9 Use of Alcohol/Drugs Off-duty. For that reason, we reverse the CSC's termination of Officer Cunningham. Further, it is ordered that NOPD reinstate Officer Cunningham, subject to a ten (10) day suspension, which is the penalty outlined in the NOPD's disciplinary hearings and penalty schedule for a first offense municipal, off-duty violation.
DECREE
For the aforementioned reasons, we find that the CSC abused its discretion and acted arbitrarily and capriciously. Accordingly, we reverse the CSC's upholding of NOPD's termination of Officer Cunningham. Further, it is ordered that NOPD reinstate Officer Cunningham, subject to a ten (10) day suspension.
REVERSED
ATKINS, J., CONCURS WITH REASONS
ATKINS, J., CONCURS WITH REASONS
I agree with the majority's opinion and write to assign additional reasons why I believe a lesser form of disciplinary action is appropriate in the case of Officer Cunningham. As the majority's opinion notes, the Civil Service Commission absolved Officer Cunningham of the Simple Battery and Home Invasion charges; the only substantiated charge against him was Consumption of Alcohol Off-duty. The record *808 contains no evidence that Officer Cunningham committed any other infraction of Department policy, in contrast to the situations that arose, for example, in Michel v. Dep't of Police , 2016-0623 (La. App. 4 Cir. 2/15/17), 212 So. 3d 627, Bell v. Dep't of Police , 2016-0677 (La. App. 4 Cir. 3/22/17), 216 So. 3d 819 ; and Brown v. Dep't of Police , 2008-0466 (La. App. 4 Cir. 12/3/08), 999 So.2d 1178.
In Michel , this Court affirmed the Civil Service Commission's findings that the penalty was commensurate with the offense, and that Officer Michel's termination was not arbitrary and capricious, where the Appointing Authority had succeeded in proving that Michel, while drinking off duty and with a blood alcohol level of .208, knowingly carried his weapon into a bar, which is against NOPD policy. 2016-0623, p. 6, 212 So. 3d at 631. In that case the Appointing Authority recommended a 10-day suspension for the off-duty use of alcohol; the termination recommendation was for carrying his service weapon into an alcohol beverage outlet. 2016-0623, p. 2, 212 So. 3d at 628.
Unlike Michel , there is no evidence in the present record that Cunningham was armed when he was drinking off duty. Applying Michel , a 10-day suspension would have been more appropriate for Consumption of Alcohol Off-duty.
Likewise, in Bell , 2016-0677 (La. App. 4 Cir. 3/22/17), 216 So. 3d 819, Officer Bell's termination was upheld because the record evidence showed that Bell crashed her personal vehicle into another parked car and initially left the scene. Officer Bell was charged with two violations - Hit and Run and Consumption of Alcohol while Off Duty - and the Appointing Authority succeeded in proving that Bell had "consumed alcoholic beverages ..., was intoxicated, and seriously damaged her car and that of another while driving home late at night." 2016-0677, p. 8, 216 So.3d at 824. As the majority opinion in the present case notes, however, there is no evidence that Officer Cunningham operated a motor vehicle while intoxicated, and the CSC determined that the Appointing Authority did not succeed in proving any additional charges against Cunningham.
In Brown v. Dep't of Police , 2008-0466 (La. App. 4 Cir. 12/3/08), 999 So. 2d 1178, while Officer Brown was off duty and allegedly consuming alcohol, he struck a handcuffed individual in the back of the head. Officer Brown was charged with lack of professionalism, improper use of alcohol while off-duty, and failure to adhere to law (municipal battery) and was dismissed. Brown was not terminated merely for consuming alcohol off-duty; he was terminated for his aggressive behavior. 2008-0466, pp. 9-10, 999 So. 2d at 1183-84.
In sum, where the Appointing Authority has succeeded in proving compound infractions of Departmental policy, this Court has determined that termination is not an arbitrary and capricious imposition of discipline. Where there is a single instance of Consumption of Alcohol while Off-duty with no additional charges proven, the discipline imposed is not commensurate with the infraction, and termination was arbitrary and capricious. For these additional reasons, I concur in the result finding that Officer Cunningham should be reinstated.

At the time of the incidents giving rise to his dismissal, Officer Cunningham and Ms. Junot agreed to reside together at her apartment. To this end, Officer Cunningham made arrangements to terminate the lease on his apartment for the end of January 2015. Thus, he had begun moving his belongings to Ms. Junot's apartment, had keys to her apartment, and had been staying at her apartment on a regular basis.

Ms. Junot, who is an experienced boxer with numerous accomplishments and accolades, had inflicted serious lacerations to Officer Cunningham's face and mouth.

La. R.S. 14:35 states, in pertinent part, that "[s]imple battery is a battery committed without the consent of the victim. La. R.S. 14:62.8 states, in pertinent part, that "[h]ome invasion is the unauthorized entering of any inhabited dwelling, or other structure belonging to another and used in whole or in part as a home or place of abode by a person, where a person is present, with the intent to use force or violence upon the person of another or to vandalize, deface, or damage the property of another.

NOPD Moral Conduct Rule 2, Paragraph 1 states:
"Employees shall act in accordance with the constitutions, statutes, ordinances, administrative regulations, and the official interpretations thereof, of the United States, the State of Louisiana, and the City of New Orleans, but when in another jurisdiction shall obey the applicable laws. Neither ignorance of the law, its interpretations, nor failure to be physically arrested and charged, shall be regarded as a valid defense against the requirements of this rule."

NOPD Professional Conduct Rule 3, Paragraph 9 states:
"Employees while off-duty, shall refrain from consuming intoxicating beverages to the extent that it results in impairment, intoxication, obnoxious or offensive behavior which would discredit them, the Department, or render the employees unfit to report for their next regular tour of duty. Commissioned employees of the Police Department shall refrain from carrying a firearm while consuming alcohol or while under its influence."

The information contained in this chart was taken directly from the New Orleans Police Department's Procedure Manual's Disciplinary Hearing and Penalty Schedule in effect at the time of Officer Cunningham's alleged violations. This Court takes judicial notice of the NOPD Penalty Schedule, which is accessible in the public domain. Mendoza v. Mendoza , 2017-0070, p. 6 (La. App. 4 Cir. 6/6/18), 249 So.3d 67, 71, writ denied , 2018-1138 (La. 8/31/18), 251 So.3d 1083 ; Felix v. Safeway Ins. Co. , 2015-0701, p. 7 (La. App. 4 Cir. 12/16/15), 183 So.3d 627, 632 & n.10.

This is a municipal violation pursuant to § 54-405 of the New Orleans Municipal Code that provides: "It is unlawful for any person to appear in a public place manifestly under the influence of alcohol, narcotics or other drugs, not therapeutically administered, to the degree that he may endanger himself or other persons or property." Alternatively, La. R.S. 14:103 Disturbing the Peace, includes "appearing in an intoxicated condition" and is a misdemeanor.

The letter "R" represents the word "reprimand."

The numbers represent the number of suspension days (working days) and the letter "D" represents the word "dismissal."

La. R.S. 14:98(A)(1)(a) - (b) provides that "[t]he crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when any of the following conditions exist: [t]he operator is under the influence of alcoholic beverages [or] [t]he operator's blood alcohol concentration is 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood..."